UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NORTH CAROLINA
14-SO-01

| | |
|---|---|
| IN RE: RETROACTIVE APPLICATION OF U.S.S.G. AMENDMENT 782 | STANDING ORDER |

Pursuant to the provisions of the Criminal Justice Act, 18 U.S.C. §§ 3006A(a)(1) and (c), and in accordance with the retroactive application of U.S.S.G. Amendment 782, the Office of the Federal Public Defender for the Eastern District of North Carolina ("Federal Public Defender's Office") is appointed to represent any defendant previously determined to have been entitled to appointment of counsel or found indigent by the Court (i) whose name appears on the lists of defendants, potentially qualifying for a reduction of sentence, supplied by the United States Sentencing Commission, Administrative Office of the United States Courts, United States Probation Office ("Probation Office"), Federal Public Defender's Office, or Office of the United States Attorney for the Eastern District of North Carolina ("U.S. Attorney's Office") or (ii) who files a pro se motion for relief seeking a sentence reduction under the retroactive application of U.S.S.G. Amendment 782. The Probation Office shall assess whether these defendants may qualify for a reduction of sentence, and the Federal Public Defender's Office shall represent those defendants with respect to any possible motions for reductions of sentence pursuant to U.S.S.G. Amendment 782 and 18 U.S.C. § 3582(c)(2). The appointment is limited to those cases affected or potentially affected by this amendment and will terminate upon the district court's ruling or the conclusion of the appellate process, unless otherwise ordered by the Court.

The Probation Office is authorized to disclose the defendants' Presentence Investigation Reports or Modified Presentence Investigation Reports, Judgments, and Statements of Reasons to the Federal Public Defender's Office or retained counsel, and the U.S. Attorney's Office. The Federal

1

Public Defender's Office shall ascertain the defendants' eligibility for relief and whether conflicts of interest preclude it from representation. The Federal Public Defender's Office shall notify the Court upon identifying a prohibitive conflict in which the prospective client's interests are materially adverse to those of a current or former client, and the Court will consider appointing a member of the Criminal Justice Act panel of this district. The Federal Public Defender's Office shall provide the Presentence Investigation Report or Modified Presentence Investigation Report, Judgment, and Statement of Reasons to any subsequently appointed counsel. In accordance with the policy of the Federal Bureau of Prisons, no Presentence Investigation Reports, Modified Presentence Investigation Reports, or Statements of Reasons shall be provided to inmates.

The Office of the Clerk of Court for the Eastern District of North Carolina ("Clerk's Office") is authorized to disclose to the Federal Public Defender's Office or retained counsel, and the U.S. Attorney's Office, documents from the defendants' case file that are not otherwise available through the judiciary's Public Access to Court Electronic Records ("PACER") service to determine the defendants' eligibility, the extent for relief, and conflicts. Specifically, the Clerk's Office may disclose U.S.S.G. § 5K1.1 motions and orders, motions and orders related to Fed. R. Crim. P. 35, plea agreements, charging documents, notices of enhancement under 21 U.S.C. § 851, transcripts available pursuant to Judicial Conference policy, verdicts, orders related to U.S.S.G. Amendment 505, and motions under 28 U.S.C. § 2255. The Federal Public Defender's Office may not distribute such documents except to subsequently appointed counsel, unless otherwise ordered by the Court. Subsequently appointed or retained counsel may not further distribute such documents, unless otherwise ordered by the Court.

SO ORDERED. This 6 day of August 2014.

JAMES C. DEVER III
Chief United States District Judge

2